**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 07 2014, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**JEREMY K. NIX**
**CASEY C. MORGAN**
Matheny Hahn Denman & Nix, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHNATHON R. ASLINGER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A02-1303-CR-296 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
Cause No. 35D01-1206-FD-127 & 35D01-1207-FA-152

**May 7, 2014**

**OPINION ON REHEARING**

**RILEY, Judge**

Appellant-Defendant, Johnathon R. Aslinger (Aslinger), appealed his conviction of possession of methamphetamine, possession of paraphernalia, and dealing in methamphetamine. In *Aslinger v. State*, 2 N.E.3d 84 (Ind. Ct. App. 2014), we reversed his conviction for possession of methamphetamine, affirmed his conviction of dealing in methamphetamine, and remanded the case to the trial court for further proceedings. The State has petitioned for rehearing, to which Aslinger did not file a response. We grant the State's petition for rehearing for the limited purpose of clarifying the disposition of Aslinger's conviction for possession of paraphernalia.

In its petition for rehearing, the State requests that we either clarify that Aslinger is entitled to a retrial on his conviction of possession of paraphernalia or that, as the State would prefer, we specify our decision to affirm Aslinger's conviction and remand for resentencing in accordance with the opinion. *See* Ind. Appellate Rule 66(C)-(D). In our opinion, we found that certain evidence was inadmissible as the product of an invalid seizure pursuant to the Fourth Amendment—specifically a marijuana joint, methamphetamine, and several items of paraphernalia. However, we did determine that a single pipe was permissibly seized in the course of a *Terry* stop. As a result, we noted in the fourth footnote that "Aslinger's conviction for possession of paraphernalia *may* be upheld on remand."

To sustain Aslinger's conviction, Indiana Code section 35-48-4-8.3(a)(1) requires that he possessed that pipe with the intent to use it for "introducing into [his] body a controlled substance." Based on the evidence before us, we find that Aslinger's intended use for the pipe is unclear and we decline to direct the entry of a final judgment of

conviction. Therefore, we clarify our opinion by remanding Aslinger's conviction for possession of paraphernalia for a retrial.

## CONCLUSION

We grant the State's petition for rehearing for the limited purpose of ordering a retrial on Aslinger's conviction for possession of paraphernalia. We affirm our opinion in all other respects.

KIRSCH, J. and ROBB, J. concur